```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

EUGENE SMITH, et al.,              )
                                   )
    Plaintiffs,                    )   Civil Action No. 5:08-183-JMH
                                   )
v.                                 )
                                   )
                                   )
LEXINGTON-FAYETTE URBAN COUNTY     )   **MEMORANDUM OPINION AND ORDER**
GOVERNMENT, et al.,                )
                                   )
    Defendants.                    )

                    **   **   **   **   **

This matter is before the Court on Defendant Lexington-Fayette Urban County Government's (hereinafter, "LFUCG") Motion to Stay [Record No. 5].[1]  Plaintiff has filed a response [Record No. 10], and LFUCG has filed a Reply [Record No. 12] in further support of their motion.  Accordingly, this motion is ripe for decision.

---

[1] The Court notes as well that Plaintiffs filed an Ex Parte Motion for Restraining Order and/or Temporary Injunction while this matter was pending before the Fayette Circuit Court [Record No. 1-3.]  Fayette Circuit Court Judge Kim Bunnell entered an order on April 8, 2008, prior to the removal of the matter to this Court, in which she declined to hear the motion ex-parte and stated that "[i]f the Plaintiffs wish to proceed, they may re-notice the motion and serve the Defendants." [*Id*.]  There is no indication in the record from the Fayette Circuit Court or in the record of the proceedings in this Court that Plaintiffs have re-noticed the motion or served the Defendants.  Apparently, Plaintiffs have abandoned this motion, and, effectively, the Fayette Circuit Court's order denied the motion without prejudice.  For purposes of maintaining an orderly record of the matter in this case, the Clerk should note that the Ex Parte Motion for Restraining Order and/or Temporary Injunction [Record No. 1-3] was terminated while this matter was pending before the state court.

Plaintiffs' Amended Complaint avers that certain items of their property were wrongfully seized during the execution of a search warrant by Lexington police officers on March 13, 2008. During that search, some marijuana was found in the home, $7,000 in cash was found in a kitchen drawer, $500 was found in Plaintiff Eugene Smith's clothing, and three motor vehicles were seized. The officers searching the home also found a storage bin receipt and, subsequently, searched that storage bin.[2] There the officers found and seized $160,000.

Plaintiffs bring claims pursuant to KRS 418.005, 418.040, 418.045, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1985, and §§ 1, 2, 3, 10, 11, and 14 of the Kentucky Constitution, seeking a declaration of their rights, injunctive relief, and the return of their property or compensation therefor. While Plaintiffs contend that their personal property is not connected to and/or suspected of being evidence of particular criminal activity [Amend. Compl. at ¶ 14.], criminal proceedings were, in fact, commenced against Plaintiff Eugene Smith, in which he was charged with trafficking in marijuana with a firearm and possession of drug paraphernalia,

---

[2] LFUCG disputes Plaintiffs' contention that the search of the storage bin was warrantless, claiming that a second, separate warrant was obtained. This dispute is not, however, material to the issue at hand.

Fayette District Court Criminal Case No. 08-F-00914.[3] The Court further understands that the these items, drugs, money, and a gun, were seized in connection with the charges lodged against Smith.

Defendant LFUCG has moved to stay the matter, construing Plaintiff's averments as claims for malicious prosecution. Defendant LFUCG argues that, where there is an anticipated or potential future criminal conviction of a plaintiff and, prior to conviction, that plaintiff files a false arrest claim or any other claim related to rulings likely to be made in a pending or anticipated criminal trial, it is within the power of the district court to stay the civil action until the criminal case or the likelihood of the criminal case is ended. *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007); *see Dunn v. Felty*, 226 S.W.3d 68 (Ky. 2007) (application of *Wallace* to state law claims of false imprisonment, excessive force, etc.) The Court declines to construe this case, as LFUCG urges, as a malicious prosecution case, but the Court does agree that Plaintiff's case is related to rulings likely to be made or better suited to be made in a pending or anticipated criminal trial and should be, in large part, stayed.

In this instance, Plaintiffs claim that their rights have been violated by virtue of the taking of their personal property under

---

[3] Apparently, Plaintiff Eugene Smith was also the subject of an indictment in the United States District Court for the Eastern District of Kentucky at Lexington, Criminal Action No. 08-cr-172-KSF, on a count of violating 18 U.S.C. § 922(g)(1) for being a felon knowingly in possession of three firearms.

color of state law. Specifically, in Count I, Plaintiffs complain that they have been deprived of their personal property under color of law due to the absence of a prejudgment seizure and or pre-conviction forfeiture statute in the Commonwealth of Kentucky and have been, thus, denied due process, equal protection, and their civil rights. [Amend. Compl. at ¶ 15.] Plaintiffs aver that this constituted an "illegal taking, seizure, confiscation and impoundment" of their personal property. [Amend. Compl. at § 17.]

In Count II, Defendants further allege a conspiracy to deprive them of their personal property because of their race and that Defendants, acting "under the guise of drug interdiction and enforcement have acted in a manner and implemented practices that seize personal property for no legitimate reason other than to deprive Plaintiffs and others similarly situated from the enjoyment of their personal property similar to other citizens of the Commonwealth of Kentucky." [Amend. Compl. at ¶ 23.] In this way, argue Plaintiffs, Defendant has denied them due process and equal protection of the laws, but, again, the claim arises out of the alleged unlawful taking. [*Id.*]

Effectively, by seeking declaratory and injunctive relief from this Court, Plaintiffs are challenging the warrant (or warrants) which are involved in a proceeding before the state Court, and these issues are not properly before the Court. Under *Heck v. Humphrey*, 512 U.S. 477, 587 n.8 (1994), "if a state criminal

-4-

defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." In this instance, assuming that Plaintiffs can state a claim for the violation of a federal right by virtue of the seizure of their property, the *Younger* abstention doctrine counsels that this Court abstain from adjudicating such a matter in deference to the ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).

The doctrine was recently summarized by the Sixth Circuit Court of Appeals as follows:

> In *Younger v. Harris,* the Supreme Court held that federal injunctions against a state criminal law enforcement process could be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. So-called "*Younger* abstention" was later extended to civil proceedings in state court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975). The Supreme Court in these cases noted that federal courts should not act to restrain a criminal prosecution, or interfere with state appellate proceedings. *Younger,* 401 U.S. at 43; *Huffman,* 420 U.S. at 608.
>
> Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

*Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008). In addition to actions seeking injunctive relief, the same analysis applies in "federal declaratory judgment actions because they involve 'precisely the same interference with and disruption of state proceedings' as an injunction." *Carroll*, 139 F.3d at 1074 (quoting *Samuels v. Mackell,* 401 U.S. 66, 72 (1971)).

As the Court understands it, at the time this matter was filed, there was a state court criminal action pending against Plaintiff Eugene Smith in the Fayette District Court. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (court looks to whether state action was pending when federal suit was filed in determining whether state actions are pending). The Court has not been advised further and, thus, understands that criminal action to be ongoing. Thus, the first element, that the underlying proceedings constitute an ongoing judicial proceeding, is met. Secondly, the state court proceedings involve the important state issue of criminal law enforcement, and the second element is met.

Finally, Plaintiffs have failed to show that the courts of Fayette County, Kentucky, cannot or will not provide them with an adequate opportunity to raise their constitutional objections to the seizure or taking of property of which they complain.[4] If

---

[4] Plaintiffs have not averred or demonstrated that they have sought the return of their property in the context of the state court criminal proceedings against Plaintiff Eugene Smith,

Plaintiffs wish to challenge the seizure of their property in connection with the criminal proceedings against Eugene Smith on constitutional grounds and seek injunctive and declaratory relief, they may do so in state court.

Ultimately, "the requested relief would constitute undue federal interference in state judicial or quasi-judicial proceedings," as required for the application of *Younger* abstention, *Carroll*, 139 F.3d at 1077 (citing *Huffman,* 420 U.S. at 601-05), because providing the Smiths the relief they seek would result in interference with an ongoing proceeding before a court of the Commonwealth. As each of the three prongs of *Younger* abstention are met, this Court may properly refrain from exercising its jurisdiction over the Plaintiffs' request for injunctive and declaratory relief in this case. Honoring the principles of comity, this Court will so refrain.

"This Court, however, has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceedings." *Carroll,* 139 F.3d at 1075-76  (*citing Deakins*

---

nor have Plaintiffs averred that they have been precluded from doing so by any obstacles placed in their way by Defendants in this matter.  Certainly, a motion for the return of property can be countenanced by the Kentucky Courts of Justice.  *See Com. v. Batchelor*, 714 S.W.2d 158, 159 (Ky. Ct. App. 1986) (denying motion for return of property as Commonwealth is entitled to retain control over property which may be subject to forfeiture under the penal code pending resolution of the underlying criminal charges and upon conviction subject the property to forfeiture); *see also Pendergraft v. Com.*, 2005 WL 1843299, *1 (Ky. Ct. App. 2005) (motion for return of property filed after guilty plea).

*v. Monaghan*, 484 U.S. 193 (1988)). By staying rather than dismissing that portion of the Plaintiffs' action which seeks monetary relief, the Court "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.'" *Deakins,* 484 U.S. at 202-03 (quoting *Williams v. Red Bank Bd. of Ed.,* 662 F.2d 1008, 1024 (3d Cir. 1981)). Thus, Plaintiffs' claims for monetary relief must be stayed pending presentation and resolution of the merits of Plaintiffs' requests for relief in the state court, should they see fit to seek that relief there.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Lexington-Fayette Urban County Government's Motion to Stay [Record No. 5] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

(2) that proceedings related to Plaintiffs' claims for monetary relief shall be and the same hereby are **STAYED**;

(3) that Plaintiffs shall **SHOW CAUSE** within **ten (10) days** from entry of this Order why their claims for declaratory and injunctive should not be **DISMISSED WITHOUT PREJUDICE** for the reasons stated in this memorandum opinion and order;

(4) that the parties shall, in any event, file a **STATUS REPORT** within **ten (10) days** from entry of this Order as to the status of any pending criminal matters which are germane to the

present matter and any issues which may impact the proceedings in this case;

(5) that the Clerk shall note that the Ex Parte Motion for Restraining Order and/or Temporary Injunction [Record No. 1-3] was terminated while this matter was pending before the state court and is not pending before this Court.

This the 2nd day of December, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge