```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EUGENE SMITH, et al., ) | |
| ) | |
|     Plaintiffs, ) | Civil Action No. 5:08-183-JMH |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LEXINGTON-FAYETTE URBAN COUNTY ) | **MEMORANDUM OPINION AND ORDER** |
| GOVERNMENT, et al., ) | |
| ) | |
|     Defendants. ) | |

                    \*\*    \*\*    \*\*    \*\*    \*\*

On December 2, 2008, this Court entered an order granting in part and denying in part Defendants' Motion to Stay, ordering that the proceedings related to Plaintiff's claims for monetary relief should be stayed and requiring the Plaintiffs to show cause why their claims for declaratory and injunctive relief should not be dismissed without prejudice. [Record No. 13.]

Since that time, Plaintiffs have filed a Motion to Alter, Amend, and/or Vacate the Court's December 2, 2008, Memorandum Opinion and Order [Record No. 14], Defendants have filed a Status Report and Response to the Motion to Alter, Amend, and/or Vacate [Record No. 15, 18], and Defendants have filed a Status Report [Record No. 16] and a Response to the Court's Order to Show Cause

-1-

[Record No. 17].[1]

At the time this Court's December 2, 2008, Order was filed, the Court knew only that criminal proceedings against Plaintiff Eugene Smith were ongoing in the Fayette Circuit Court and that criminal proceedings had been commenced against Plaintiff Eugene Smith before this Court. Indeed, on September 4, 2008, Plaintiff was indicted by a Federal Grand Jury on charges of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and that the United States sought forfeiture of the property, including three semi-automatic weapons, seized during the search of the residence on March 13, 2008.

From the parties' most recent papers the Court has learned that, on September 8, 2008, the Fayette Circuit Court sustained the motion of the Commonwealth of Kentucky to dismiss the criminal charges pending in the Fayette Circuit Court without prejudice. On September 15, 2008, Smith filed a second motion asking the Fayette Circuit Court to return the currency taken from his home and storage unit and the vehicles impounded based on the dismissal of the charges. The Commonwealth filed a response informing the court that due to the now pending federal charges, the money and vehicles

---

[1]Also pending in this matter is the Motion to Dismiss filed by the Lexington-Fayette Urban County Government with regard to claims against its Police Department, explaining that the department is not *sui generis* [Record No. 4]. The Court has since entered an Agreed Order of Dismissal as to those claims, this motion is moot, and it shall be denied accordingly.

taken during the execution of the search warrants had been seized and were now being held for the United States Government pursuant to a sealed Verified Complaint for Forfeiture filed in the United States District Court. The Fayette Circuit Court overruled Smith's motion to return the money.

With regard that forfeiture, the United States had already filed a Verified Complaint for Forfeiture in Rem in the matter styled *United States v. $160,060.00 in U.S. Currency, et al.*, Lexington Civil Action No. 08-265-JMH. The Warrant In Rem Issued as to the items listed in that Complaint on September 29, 2008 [Record No. 9].

Proceedings continued in the United States District Court in Lexington Criminal Action No. 08-172-KSF, and, on November 10, 2008, Smith filed a motion to suppress evidence on grounds that the search and seizure of money from his storage unit violated the Fourth Amendment. The motion was later amended to include the three vehicles. At a hearing on November 14, 2008, however, Smith withdrew his motion to Suppress and entered into a Plea Agreement.

The Plea Agreement provided that he "waive[d] his right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." He agreed to a forfeiture of the firearms and to settle the civil forfeiture action and further provided that he would "execute an Agreed Order of Forfeiture which will forfeit half of the seized

-3-

currency ($87,599.50), the 2000 Chevy Impala, which has a hidden compartment, and the 2088 Infiniti QX56 Sport Utility Vehicle, and return to the defendant half of the seized currency ($87,599.59) and the 2003 Mercedes." A Judgment Upon Plea of Guilty was entered as to Eugene Smith on February 17, 2009 [Lexington Criminal Action No. 08-cr-172-KSF, Record No. 30].

On December 16, 2008, the United States filed a Notice of Filing of an Agreed Order of Forfeiture in Lexington Civil Action No. 08-265-JMH, signed by Plaintiffs Eugene and LaToy Smith [Record No. 13]. Finally, on February 23, 2009, this Court entered the Agreed Order and Final Decree of Forfeiture which provided for the forfeiture of the half of the currency, the 2000 Chevrolet Impala, and the 2008 Infiniti to the United States and that $87,599.50 and the 2003 Mercedes S500 would be returned to Eugene and LaToy Smith.

In other words, Plaintiff Eugene Smith had the opportunity to challenge the constitutionality of the search and seizure which occurred at his home and at the storage facility before both the state court and the federal court. Having filed a motion which would have raised the constitutional issues before this Court, he chose to withdraw that objection. No less, LaToy Smith had the opportunity to challenge the seizure and retention of those items before the state court and, later, before the federal court. The Court is not aware of any such request for relief on her part. Finally, the parties to this case have now acquiesced in the

-4-

forfeiture of certain items and have had the remainder returned to them by order of the Court.

So, Plaintiffs are correct that, in the absence of a pending state criminal case, there is no need to dismiss their claims for injunctive relief without prejudice or to further stay their claims for monetary relief under the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971). That said, Plaintiffs have waived any right to the portions of the subject property that were forfeited by virtue of the Agreed Order of Forfeiture, and they have the relief they were seeking with regard to the portion of the property that was returned to them. It appears that there is no dispute left for resolution in this civil action.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion to Alter, Amend, and/or Vacate Memorandum Opinion and Order filed December 2, 2008 [Record No. 14], shall be, and the same hereby is, **GRANTED**;

(2) that the stay of proceedings set into place by the Court's Order of December 2, 2008 [Record No. 13] shall be, and the same hereby is, **LIFTED**;

(3) that the portion of this Court's Order of December 2, 2008 [Record No. 13] requiring Plaintiffs to show cause shall be, and the same hereby is, **DISCHARGED**;

(4) that the parties to this matter shall have ten (10) days from entry of this order to **SHOW CAUSE** why Plaintiffs' remaining

claims should not be dismissed with prejudice; and

(5) that the Motion to Dismiss [Record No. 4] shall be, and the same hereby is, **DENIED AS MOOT**.

This the 30th day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge