UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EUGENE SMITH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:08-183-JMH |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| LEXINGTON-FAYETTE URBAN COUNTY | ) | |
| GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**         **         **         **         **

On December 2, 2008, this Court entered an order granting in part and denying in part Defendants' Motion to Stay, ordering that the proceedings related to Plaintiff's claims for monetary relief should be stayed and requiring the Plaintiffs to show cause why their claims for declaratory and injunctive relief should not be dismissed without prejudice. [Record No. 13.]

Since that time, Plaintiffs have filed a Motion to Alter, Amend, and/or Vacate the Court's December 2, 2008, Memorandum Opinion and Order [Record No. 14], Defendants have filed a Status Report and Response to the Motion to Alter, Amend, and/or Vacate [Record No. 15, 18], and Defendants have filed a Status Report [Record No. 16] and a Response to the Court's Order to Show Cause [Record No. 17].

Subsequently, this Court entered an Order [Record No. 19] granting Plaintiffs' Motion to Alter, Amend, and/or Vacate the Court's December 2, 2008, Memorandum Opinion and Order [Record No. 14], lifting the stay ordered by the Court ordered on December 2, 2008. In the same Order, the Court ordered Plaintiffs to show cause why their remaining claims should not be dismissed with prejudice as the Plaintiffs have either had returned to them or relinquished any right they might have to the subject property which was seized by virtue of the Agreed Order of Forfeiture entered into by both plaintiffs in this matter in Lexington Civil Action No. 08-265-JMH [Record No. 13].

In response, Plaintiffs have filed a Status Report [Record No. 20] and a Motion to Set Aside the Court's Order to Show Cause [Record No. 21]. Defendants have filed a Response in Opposition to the Motion to Set Aside [Record No. 22], and Plaintiffs have filed a Reply in further support of their Motion [Record No. 23]. These matters are now ripe for consideration the Court.

In their Amended Complaint [Record No. 1-3 at 22-], the Smith's complain that "pre-judgment forfeiture by a law enforcement official and/or agency of citizen's personal property" is unauthorized by Kentucky law and, thus, violates the 4th, 5th, 6th, and 14th Amendments to the United States Constitution and §§ 1, 2, 3, 10, 11 and 14 of the Kentucky Constitution. Plaintiffs seek relief in the form of a permanent injunction which would prohibit

-2-

Defendants from seizing and confiscating personal property, i.e., what Plaintiffs have termed "prejudgment/preconviction forfeiture," that is unrelated to the violation of drug laws in the Commonwealth of Kentucky; a permanent injunction that would prohibit Defendants from transferring Plaintiff's personal property to any state or federal agency where said property is not connected to the violation of the drug laws of the Commonwealth of Kentucky; an order directing Defendants to return the money and three vehicles seized on March 13, 2008, to Plaintiffs; and an order awarding damages to compensate Plaintiffs for "deprivation of the use, access, enjoyment and possession of [Plaintiffs'] property"; punitive damages; and an award for damages compensating Plaintiffs for embarrassment, humiliation, stress, emotional distress, and anxiety, as well as attorneys fees and costs incurred in their action.

Clearly, Plaintiffs' requests for injunctive relief that would require Defendants to return or not transfer their property are now moot.  Either Plaintiffs have already conceded that they no longer have any ownership right to same in the forfeiture action before this Court or the subject property has been returned to them.  As to whether they are due the injunctive relief or damages requested, the Court will reserve judgment on those issues for another day.

Accordingly, **IT IS ORDERED:**

(1)   that the Court's Memorandum Opinion and Order [Record No. 19] requiring Plaintiffs' to show cause why their remaining claims should not be dismissed with prejudice is **DISCHARGED IN PART;**

(2)   that Plaintiff's claim for relief in the form of a injunction that would prohibit Defendants from transferring Plaintiff's personal property to any state or federal agency and an order directing Defendants to return the money and three vehicles seized on March 13, 2008, to Plaintiffs shall be, and the same hereby are, **DISMISSED AS MOOT;**

(3)   that Plaintiffs' Motion to Set Aside the Court's Order to Show Cause [Record No. 21] shall be, and the same hereby is, **DENIED;** and

(4)   that Defendants shall have **twenty-one (21) days** from entry of this order to file a responsive pleading to Plaintiffs' Amended Complaint.

This the 29th day of December, 2009.



**Signed By:**

**_Joseph M. Hood_**

**United States Senior Judge**

-4-