UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

EUGENE SMITH, et al., )
 )
    Plaintiffs, ) Civil Action No. 5:08-183-JMH
 )
v. )
 )
 )
LEXINGTON-FAYETTE URBAN COUNTY ) **MEMORANDUM OPINION AND ORDER**
GOVERNMENT, et al., )
 )
    Defendants. )

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Lexington-Fayette Urban County Government's (hereinafter, "LFUCG") Motion for Summary Judgment [DE 38 and 39]. Plaintiffs have filed a Response [DE 49, 51, 52, and 53], and LFUCG has filed a Reply [DE 58] in further support of its motion. Accordingly, this motion is ripe for decision, and, for the reasons which follow, summary judgment in favor of Defendant is proper.

**I. Background**

On the evening of March 13, 2008, LFUCG police officers executed a search warrant at the residence of Plaintiff Eugene Smith. At the time, he and his wife, co-Plaintiff LaToy Smith, were separated, and she was residing in Nicholasville, Kentucky. Officers believed that Smith was trafficking controlled substances and possessed drug paraphernalia. During that search, officers

-1-

seized several items including drug paraphernalia, $7,000.00 in currency found in a kitchen drawer, shrink wrap packaging, 73.1 grams of suspected marijuana, a digital scale, and three semiautomatic firearms and ammunition.  Three vehicles were also seized and impounded, including a 2000 Impala with a secret hydraulic compartment and a 2008 Infiniti QX56 Sport Utility Vehicle.  After officers found a receipt for a storage unit during their search, they obtained a second search warrant for the storage unit.  The warrant for the storage unit was executed during the early morning hours of March 14, 2008, and officers seized $160,060.00 in shrink wrapped currency from that location.

Plaintiff Eugene Smith was arrested on March 13, 2008 on drug related charges, and the case of *Commonwealth v. Eugene Smith*, Fayette District Court, No. 08-F-00914 was commenced.  While the criminal charges in Case No. 08-F-00914 were pending, a Fayette County Grand Jury indicted Eugene Smith on trafficking in marijuana, less than eight (8) ounces, with a firearm and use/possession of drug paraphernalia, which resulted in another criminal case styled *Commonwealth v. Eugene Smith*, Fayette Circuit Court, No. 08-CR-0574.

On August 18, 2008, in Fayette Circuit Court Criminal Case No. 08-CR-0574, Smith filed a Motion to Suppress evidence obtained as a result of the allegedly warrantless search of the storage unit and the allegedly illegal seizure of money from the storage unit.

He further moved the Court to order the Commonwealth return the seized money.

Before the Fayette Circuit Court could rule on Plaintiff Eugene Smith's motions, however, Eugene Smith was indicted by a Federal Grand Jury on September 4, 2008, on charges of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). *See United States of America v. Eugene Lee Smith,* Lexington Civil Action No. 08-cr-172 (E.D.Ky.). In connection with that case, the United States of America sought forfeiture of property including, but not limited to three semi-automatic weapons and ammunition which were seized during the search of Smith's residence by LFUCG police officers.

Eventually, the Commonwealth of Kentucky moved to dismiss the pending criminal charges in the Fayette Circuit Court without prejudice. By order entered September 8, 2008, that motion was granted, and Eugene Smith's motion to return the seized currency was denied. On September 15, 2008, Smith filed a second motion asking the Fayette Circuit Court to return the currency taken from his residence and the storage unit and the vehicles impounded based on the dismissal of the charges. The Commonwealth filed a response informing the Court that due to the pending federal charges, the money and vehicles taken during the execution of the search warrants were being held for the United States Government pursuant to a sealed Verified Complaint for Forfeiture filed in the United

States District Court.  The Fayette Circuit Court denied Smith's second motion to return the money.

Still seeking relief, Eugene Smith filed a motion in Lexington Criminal Action 08-cr-172 seeking to suppress evidence found and obtained from the storage unit on the basis that the seizure violated the Fourth Amendment.  Eugene Smith's motion addressed only the currency seized, but eventually he amended his motion to object to the seizure of the vehicles, and the United States filed a response.  Ultimately, the Court never ruled on the motion because, during a hearing on November 14, 2008, Eugene Smith withdrew his Motion to Suppress and entered a guilty plea pursuant to a plea agreement with the United States.  At that time, the Court found that Eugene Smith was "fully competent and capable of entering an informed plea and that he enters the plea knowingly and voluntarily."  His sentencing was scheduled for February 13, 2009.

In the Plea Agreement, signed by both Eugene Smith and his counsel, he agreed that "the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts," including that while police were at his residence executing the first search warrant:

> . . . officers found three firearms in the master bedroom closet, ammunition in the garage, and a total of 61.5 grams of marijuana found in the kitchen and bedroom closet, food saver packaging material and heat sealer in the kitchen, drug paraphernalia in the

> kitchen, three sets of digital scales in the kitchen, approximately $7,000 in the kitchen, drug paraphernalia in the kitchen, and mail matter in Eugene Smith's name in the basement bedroom. The Defendant arrived shortly after they began to search. When he was mirandized, he told police he only used marijuana and had just smoked a blunt. Police found a hidden compartment in a vehicle. The Defendant told them he never had drugs in the compartment. Police also found a storage receipt and asked the Defendant if he had anything illegal in his storage. He indicated he had nothing illegal, however, he had approximately $160,000 in the unit because he did not like banks. Police then obtained a state search warrant for the storage unit and seized $160,060.00 wrapped in shrink wrap material.

Eugene Smith also agreed that he waived "his right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." He agreed to the forfeiture of the firearms and to settle a companion civil forfeiture action against a total of $175,199.00 in United States currency and three vehicles seized by LFUCG officers on March 13, 2008. To that end, Smith agreed to "execute an Agreed Order of Forfeiture which would forfeit half of the seized currency ($87,599.50), the 2000 Chevy Impala, which has a hidden compartment, and the 2008 Infiniti QX56 Sport Utility Vehicle, and return to the defendant half of the seized currency ($87,599.59) and the 2003 Mercedes."

Subsequently, in Lexington Civil Action No. 08-265-JMH, Eugene and LaToy Smith agreed to an Order of Forfeiture which was entered

-5-

by the Court.[1]  By execution of the Agreed Order, Eugene Smith and LaToy Smith acknowledged:

> . . . that the forfeited currency and vehicles allegedly represent proceeds of drug trafficking and the 2000 Impala was used to commit or to facilitate the commission of a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et.seq., punishable by more than one (1) year's imprisonment, and are therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6).

In the criminal case, a Preliminary Judgment of Forfeiture was entered on December 17, 2008, by which the three semiautomatic weapons and the ammunition were forfeited to the United States to be disposed of in accordance with the law.  Then, on February 13, 2009, Eugene Smith was sentenced to twenty-four (24) months confinement and a subsequent two year period of supervised release, as well as assessed criminal monetary penalties of $5,100.00.

An Order and Final Decree of Forfeiture in the civil forfeiture action was entered on February 23, 2009, in which it was ordered that $87,599.50 of the currency and two of the vehicles (including the 2000 Chevrolet Impala with the hidden compartment) were "forfeited to the United States of America and no right, title or interest in the property shall exist in any other party."

---

[1] The Agreed Order of Forfeiture is signed by Attorney Willie E. Peale, Jr., as "Counsel for Eugene L. Smith and LaToy Smith."  The agreement provided that half of the seized currency and one vehicle would be "returned to Eugene L. Smith and LaToy Smith."

$87,599.50 of the currency and the third vehicle were returned to Eugene L. Smith and La Toy Smith.

All the while, Plaintiffs were seeking relief from LFUCG in this civil action, insisting that their currency and vehicles had been seized in violation of the law. The present case was originally filed in the Fayette Circuit Court on March 27, 2008, and subsequently removed by Defendant to this Court. Plaintiffs complain (1) that LFUCG violated 42 U.S.C. § 1983 by allegedly depriving Plaintiffs of due process when its officers seized their personal property under color of law because they did so in the in the absence of a prejudgment seizure and or preconviction forfeiture statute in the Commonwealth of Kentucky; (2) that LFUCG violated 42 U.S.C. § 1983 by allegedly depriving Plaintiffs of equal protection of laws when its officers seized their personal property under color of law because they did so solely on account of Plaintiffs' race, African-American; and (3) that LFUCG violated 42 U.S.C. § 1985 when it allegedly conspired to deprive them of their personal property because of their race and because its officers, acting under the guise of drug interdiction and enforcement, acted in a manner and implemented practices in order to seize their personal property for no legitimate reason other than to deprive Plaintiffs of enjoyment of their personal property.

Plaintiffs seek compensatory damages for the deprivation, loss of use and enjoyment of their personal property, as well as

punitive damages for the alleged violation of their rights as set forth above and a permanent injunction prohibiting Defendant from, in the future, seizing Plaintiffs' personal property when that property is unrelated to the violation of drug laws in the Commonwealth of Kentucky.[2] For the reasons which follow, however, their claims must fail.

**II. Standard of Review**

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id*. at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law.

---

[2] In light of the proceedings in the criminal matters and the Order of Final Decree of Forfeiture entered in the civil forfeiture action, this Court has dismissed as moot Plaintiffs' request for injunctive relief prohibiting Defendant from transferring their personal property to any state or federal agency and an order directing return of the money and three vehicles that were seized.

A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The judge's function is not to weigh the evidence, but to decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004).

**III. Discussion**

    **A.    Plaintiffs' Claims Are Limited to Those Averred in their Amended Complaint**

As an initial matter, Plaintiffs Amended Complaint avers that currency and three vehicles were wrongfully seized by LFUCG officers. To the extent that, by and through their Response, they now seek to claim that other items of personal property, including jewelry, passports, and income tax returns, were wrongfully seized and subject to improper disposal at the hands of LFUCG officers, it is too little, too late, as they have never sought to amend their Amended Complaint to include these items. *See* Fed. R. Civ. P. 15(a)(2) (permitting amendment of complaint outside of the period described in Fed. R. Civ. P. 15(a)(1) only by agreement of parties or with court's leave). Such claims are not properly before the Court, nor will the Court consider them.

**B. Plaintiff Eugene Smith's Claims Under 42 U.S.C. § 1983 Are Barred at This Time Upon Application of *Heck v. Humphrey***

42 U.S.C. § 1983 claims arising out of a search or searches which occurred prior to a party's guilty plea and incarceration in a criminal matter are precluded by application of *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), on the grounds that a civil suit with respect to those searches is improper until the criminal conviction is overturned if the § 1983 proceedings, resolved in favor of the plaintiff, would necessarily undermine "the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir.1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part*, *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that Heck bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

In the matter at bar, Plaintiff complains of the seizure of vehicles and approximately $7,000 in currency during the search of his home which resulted in the seizure of the weapons upon which his conviction in Lexington Criminal Action No. 08-172-KSF is based. Thus, there is no merit to Plaintiff Eugene Smith's

argument that a resolution of the § 1983 claim in his favor as to the vehicles and the $7,000 in currency would not necessarily impugn his conviction. Simply stated, if the Court determined that the search and seizure of those items pursuant to the first warrant was wrongful, that decision would necessarily impugn his conviction for possession of firearms because it relies upon some of the evidence, i.e., the firearms, seized during those searches. Therefore, at least that portion of Plaintiff's 42 U.S.C. § 1983 claims of a Fourth Amendment violation (related to the approximately $7,000 in currency and the three vehicles) is barred under *Heck* at this time because his criminal conviction in Lexington Criminal Action No, 08-172-KSF has not been invalidated.[3]

That said, the Court appreciates that Plaintiff might be able to challenge the search of the storage unit, during which police seized the approximately $160,000.00 in currency which is also the subject of this action, without necessarily impugning his conviction. Nonetheless, his § 1983 claims for that currency and, for that matter, for all of the items which are the subject he

---

[3] Neither party directly addresses whether Plaintiff LaToy Smith's claims are subject to analysis under *Heck v. Humphrey*. Defendant LFUCG represents that they are but has not demonstrated why that would be the case when she was not a party to the criminal suit before the Fayette Circuit Court nor the one before the United States District Court for the Eastern District of Kentucky. That honor belonged to her husband and co-Plaintiff, Eugene Smith, alone. The Court need not, however, address whether *Heck v. Humphrey* bars her claims because her claims fail for the reasons set forth elsewhere in this opinion.

complaints, would fail for the additional reasons stated below.

### C. Plaintiffs' Claims Under 42 U.S.C. § 1983 Fail Because No Actionable Policy, Custom, or Practice of LFUCG Has Been Identified

In order to recover against the LFUCG, Plaintiffs LaToy Smith and Eugene Smith (to the extent that his claims may proceed in light of *Heck v. Humphrey*) must show that the alleged violation of their civil rights occurred pursuant to and as a direct result of official Lexington-Fayette Urban County Government policy or custom. *Monell v. Dep't of Soc. Serv., City of New York*, 436 U.S. 658; *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). LFUCG cannot be held liable under a theory of respondeat superior for the actions of its employees. Rather, under § 1983, municipalities are liable only for their unconstitutional policies, practices and customs. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). Thus, for LFUCG to be held liable, there must be a direct causal connection between a policy or a custom of LFUCG and the Plaintiffs' alleged injuries. *Tuttle*, 471 U.S. at 823-24 (holding that plaintiff bears burden of proving such custom or policy existed and connection to municipality; *Johnson v. Hardin County, Kentucky*, 908 F.2d. 1280, 1285 (6th Cir. 1990).

Defendant LFUCG takes the position that Plaintiffs fail to allege or identify any policy, custom or practice of the LFUCG that is unconstitutional or that caused the allegedly unconstitutional deprivation of their property. The Court agrees. Plaintiffs'

Amended Complaint argues that a policy, custom, or practice of LFUCG caused them harm – the practice of seizing personal property by LFUCG officers (1) when it was "not connected to and/or suspected of being evidence of particular criminal activity" and (2) in the absence of a statute to provide for pre-judgment or pre-conviction seizure. They further argue that these actions were taken against them in such a way as to deprive them of the equal protection of the laws, guaranteed by the Fourteenth Amendment, because they are African-American. Their claims are, however, unsupported on the undisputed facts before this Court.

Plaintiffs' Response to Defendant's Motion for Summary Judgment, appears to and must, in the undersigned's mind, concede that KRS 218A.140, et seq., the Kentucky Controlled Substances Act, authorized LFUCG officers to seize for forfeiture any property or contraband article as provided for in the statute. LFUCG was acting under the auspices of this Act when they seized Plaintiffs' currency and vehicles. KRS 218A.415, in effect at the time of the relevant seizure, provided that seizure of personal property without process may be made if "[t]he seizure is incident to an arrest or a search under a search warrant" or "[t]he law enforcement agency has probable cause to believe that he property is subject to forfeiture pursuant to this chapter." KRS 218A.415(1)(a) and (d). KRS 218A.410(h) and (j) provide that everything of value furnished, or intended to be furnished in

exchange for a controlled substance ,. . . all proceeds, . . . and all moneys ,. . . used or intended to be used to facilitate a violation" are subject to forfeiture, as are "vehicles . . . which are used . .. or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of the sale or receipt of" controlled substances.  The statute provides a rebuttable presumption that all "moneys, coin, and currency found in close proximity to controlled substances . . . [or] distributing paraphernalia" are forfeitable.  KRS 218A.410(j).

In other words, Plaintiffs' claim that there existed no statute providing for such the pre-judgment or pre-conviction seizure of these items fails and, thus, they cannot have been wronged by the absence of such a statute. Further, Plaintiffs have not identified how the statute, itself, was contrary to the Constitution such that actions taken pursuant to it would, necessarily, violate Plaintiffs' right to be free from unlawful search and seizure.[4] Whether the officers who conducted the search and effected the seizures of which Plaintiffs complain acted in a way – not provided for in the relevant statute and local general order – which violated Plaintiffs' constitutional rights,

---

[4] The same rationale extends to the Asset Forfeiture Procedure of the Division of Police, General Order 82-5/E, which was in effect at the time of the incident underlying this case.  As LFUCG argues, the procedures set out in that General Order for seizing property for potential forfeiture follow and adhere to the provisions of the Kentucky Controlled Substances Act.

Defendants have identified no policy, custom or practice of the LFUCG which prompted those officers to act in such a fashion, and their claim must fail.

Further, to the extent that Plaintiffs have averred that a policy, custody, or practice of the LFUCG caused them to be deprived of their right to the equal protection of the laws under the Fourteenth Amendment, their claim must also fail. Plaintiffs have identified no LFUCG policy whatsoever which would promote such an injustice through the acts of its officers, and certainly they have not challenged the Kentucky Controlled Substances Act on these grounds. Ultimately, Plaintiffs have not borne their burden, and their § 1983 claims fail on this ground, as well.[5]

---

[5] Further, Plaintiffs have offered no proof that the search and seizures of which they complain were motivated by their race or that they were treated differently, for that matter, from other similarly situated persons on account of their race by LFUCG officers. To succeed, Plaintiffs must show that "a state actor intentionally discriminated against the [P]laintiff because of membership in a protected class." *Purisch*, 76 F.3d at 1424 (6th Cir. 1996)(quoting *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). When a plaintiff opposes a summary judgment motion meant to defeat an equal protection claim, the "plaintiff has the burden of demonstrating that the defendants treated similarly situated individuals in a disparate manner." *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1360 (6th Cir. 1996). Here, Plaintiff LaToy Smith has testified that she does not believe that the actions taken by the police were based on her race, and Eugene Smith has offered nothing more than a conclusory statement that the actions taken by police were taken because he is African-American and because all of the officers who participated in the search and seizure, save one, were white. Plaintiffs offer no proof that anyone, let alone LFUCG officers, treated similarly situated individuals in a disparate manner.

**D. Fifth Amendment's Takings Clause Not Implicated on Facts Presented**

Plaintiffs also complain, under 42 U.S.C. § 1983, that the LFUCG violated the Takings Clause of the Fifth Amendment. The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. However, the "seizure of private property implicated in the commission of crimes is not viewed through the prism of the takings clause." *Laguna Gatuna, Inc., v. United States*, 50 Fed. Cl. 336, 341 (Fed. Cl. 2001). The currency which is the subject of this action was seized pursuant to a search warrant as part of a criminal investigation. The vehicles which are the subject of this action were also seized as part of that investigation, on the belief that they were the fruits of the drug trafficking being investigated and, thus, potentially subject to forfeiture. Whether or not they were properly seized as part of that investigation, the Takings Clause is not applicable, and Plaintiffs have failed to allege a violation of their Fifth Amendment rights against the taking of private property without just compensation.[6]

---

[6] For that matter, "[a] claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (*citing Hodel v. Va. Surface Mining & Reclamation Ass'n.*, 452 U.S. 264, 293 (1981)). Plaintiffs argue that one of the vehicles, the 2008 Infiniti QX56 Sport Utility Vehicle, was taken for public use because it has been returned to the police

**E. Plaintiffs' Claim that Defendant Violated 42 U.S.C. 1985(3) Fails**

Finally, Plaintiffs complain that Defendant conspired to deprive them "of the equal protection of the laws, or of equal privileges and immunities under the laws" in violation of 42 U.S.C. §1985(3) on account of their race by virtue of the actions of which they complain. A successful § 1985 action requires proof of "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). There must be proof that "the conspiracy was motivated by racial or otherwise class-based invidiously discriminatory animus." *Id*. (*citing Griffin v. Breckenridge*, 403 U.S. 88 (1991)). Plaintiffs claim fails because, at the very least, they have not alleged facts

---

department and driven by lead detective Al Dixon. As the Court understands it, that vehicle was returned to the LFUCG Division of Police from federal authorities as a forfeited item but only after it was forfeited by Plaintiffs in Lexington Civil Action No. 08-265-JMH [DE 13, DE 15]. In other words, it was not placed in public use until after Plaintiffs, of their own volition, ceased to have any ownership interest in the vehicle. This does not constitute a taking for public use in violation of the Takings Clause of the Fifth Amendment. Ultimately, as Plaintiffs have not demonstrated that their personal property was taken for public use, they have also failed to properly allege a violation of their rights under the Takings Clause.

which would support the conclusion that there existed a conspiracy involving two or more persons. Further, they can present no facts that demonstrate any "racial or otherwise class-based invidiously discriminatory animus."

First, Plaintiffs' claim is barred by the intra-corporate conspiracy doctrine which applies to § 1985(3) claims and which states:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991) (*citing Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)). *see also Amadasu v. Christ Hospital*, 514 F.3d 504, 507 (6th Cir. 2008); *Estate of Smithers v. Flint*, 602 F.3d 758, 765 (6th Cir. 2010). LFUCG cannot conspire with its agents, the police officers who ordered and executed the search and seizures of which they complain. Rather, the acts of the LFUCG officers are the acts of LFUCG, and it is impossible for LFUCG to conspire with itself. Accordingly, their § 1985 claim fails for this reason alone.

Further, as explained in the context of their § 1983 claim, above, Plaintiffs have offered no proof that the alleged "conspiracy was motivated by racial or otherwise class-based

invidiously discriminatory animus." *Peters*, 427 F.3d at 1038. Plaintiffs have identified no policy or custom of the LFUCG which would lead its agents to discriminate based on race. Further, Plaintiff LaToy Smith has testified that she does not believe that the actions taken by the police were based on her race, and Eugene Smith has offered nothing more than a conclusory statement that the actions taken by police were taken because he is African-American and because all of the officers who participated in the search and seizure, save one, were white. This is not enough to state a claim for relief under § 1985(3), and Plaintiffs' claim fails.

**IV. Conclusion**

For all of the reasons stated above, Defendant LFUCG's motion for Summary Judgment shall be granted, and Plaintiff's claims shall be dismissed.

Accordingly, **IT IS ORDERED** that Defendant Lexington-Fayette Urban County Government's Motion for Summary Judgment is **GRANTED**.

This the 9th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge