UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EUGENE SMITH, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5:08-183-JMH |
| v. | ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon its own motion.

Having dismissed Plaintiffs' federal claims, the Court has considered how to proceed with Plaintiffs' remaining claims under state law. 28 U.S.C. § 1367 provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction [over all other claims that form part of the same case or controversy] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Further, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996)(stating the dictum in *Gibbs*

generally remains valid when analyzing whether state claims should be dismissed under 28 U.S.C. § 1367). Accordingly, this Court, pursuant to 28 U.S.C. § 1367(c)(3), exercises its discretion not to make "[n]eedless decisions of state law," and shall dismiss without prejudice Plaintiffs' remaining claims against Defendant. 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726.

**IT IS SO ORDERED.**

This the 9th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge