UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EUGENE SMITH, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5:08-183-JMH |
| v. | ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Plaintiffs' Motion to Vacate, Alter, Amend and/or To Set Aside Order Granting Summary Judgment to Defendants [DE 84], pursuant to Fed. R. Civ. P. 59(e). The Court being adequately advised, this motion is ripe for decision.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments

which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

In their Motion, Plaintiffs do little more than announce their disagreement with the Court's earlier decisions. They have identified no clear error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice which must be prevented. Further, it is unclear from their Motion that Plaintiffs appreciate – even if they ultimately disagree with it – the Court's reasoning in its decision to dismiss their claims.

First, Plaintiffs argue that the Court erred when it concluded that Plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in part because Plaintiff LaToy Smith was never a defendant in a criminal action. In fact, the Court recognized this fact and stated that it did not reach the conclusion that *Heck v. Humphrey* barred her claims because they failed for other reasons articulated by the Court. [*See* DE 81 at 11, n. 3.]

Next, Plaintiffs complain that the Court did not understand Plaintiffs' position that they were injured by the Lexington-Fayette Urban County Government's ("LFUCG") Asset Forfeiture Procedure when it considered their claims under 42 U.S.C. § 1983. However, the Court concluded Plaintiffs had not identified how the Asset Forfeiture Procedure violated their right to be free from unlawful search and seizure [*Id.* at 14, n.4] and that "Plaintiffs

. . . identified no LFUCG policy whatsoever which would promote . . . injustice through the acts of its officers," a statement which clearly extends to the Asset Forfeiture Procedure.

Finally, Plaintiffs argue that it was error to deny Plaintiffs' Objection and Motion to Strike Argument in Defendant LFUCG's Motion for Summary Judgment [DE 56] as moot, without issuing a reasoned ruling on it.[1] In that Motion, Plaintiffs requested that the Court strike LFUCG's argument in its Motion for Summary Judgment to the extent that it was based on Plaintiffs' "settlement agreement and conciliation of pending matters," i.e., the plea agreement and agreed order in Lexington Criminal Action No. 08-cr-172 and Lexington Civil Action No. 08-265-JMH, as well as any argument raised regarding waiver and judicial estoppel arising out of that agreement and order, on the grounds that those documents were inadmissible under Fed. R. Evid. 408. In its Memorandum Opinion and Order of May 9, 2011 [DE 81], the Court neither relied upon nor resolved LFUCG's Motion for Summary Judgment on any ground related to the plea agreement, agreed order, or any argument raised regarding waiver and judicial estoppel. In other words, the Court did not need to reach the issue of whether those materials were admissible under Fed. R. Civ. P. 408 and declined to do so. It could not, therefore, be error for the Court

---

[1] Defendant LFUCG filed a Response stating its opposition to that motion [DE 57].

to dismiss the motion as moot.

Having considered all of Plaintiffs' arguments, the Court concludes that they have set forth no reason that this Court should vacate, alter, or amend its Orders or Judgment [DE 81, 82, 83] of May 9, 2011. In the absence of a clear error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice which must be prevented, their request for relief fails.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Vacate, Alter, Amend and/or To Set Aside Order Granting Summary Judgment to Defendants [DE 84] is **DENIED**.

This the 7th day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge